IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THEODIS HAYMON                                                               PLAINTIFF

vs.                          Civil No. 4:16-cv-04112

NANCY A. BERRYHILL                                           DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Theodis Haymon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability application on December 9, 2011. (Tr. 23). In this application, Plaintiff alleges being disabled due to stomach ulcers, pain in his joints, back problems, and rectal bleeding. (Tr. 147). Plaintiff alleges an onset date of May 23, 2011. (Tr. 331). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 73-74). Plaintiff requested an administrative hearing; and after that hearing, Plaintiff's disability application was denied. (Tr. 20-

1

34). Plaintiff appealed that denial to this Court, and the Court reversed and remanded Plaintiff's case for further administrative consideration.[1] (Tr. 434).

Thereafter, the ALJ held a second administrative hearing on July 11, 2016 in Texarkana, Arkansas. (Tr. 346-357). At that hearing, Plaintiff was present and was represented by counsel, Donna Price. *Id.* Only Plaintiff and Vocational Expert ("VE") Juanita Grant testified at this hearing. *Id.*

On August 25, 2016, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 328-340). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 9, 2011, his application date. (Tr. 333, Finding 1). The ALJ found Plaintiff had the following severe impairments: schizoaffective disorder, obesity, hypertension, and osteoarthritis. (Tr. 333, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 333-334, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's age and education level. (Tr. 339, Findings 6-7). Specifically, the ALJ found Plaintiff was born on December 4, 1959 and was fifty-two (52) years old on his application date. (Tr. 339, Finding 6). At this age, he was characterized as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008). (Tr. 339, Finding 6). As for his education, the ALJ determined Plaintiff had at least a high school education was able to communicate in English. (Tr. 339, Finding 7).

---

[1] Plaintiff was granted disability benefits on a subsequent application with an established onset date of October 24, 2014. (Tr. 434). Thus, the time-period at issue here is from his application date of December 9, 2011 through October 24, 2014, the date the ALJ determined he was disabled.

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 335-339, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can only occasionally perform postural activities; can follow simple one-two-three step instructions; can no more than occasionally interact with the public and co-workers; and cannot meet strict production quotas.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 339, Finding 5). Considering his limitations, the ALJ determined Plaintiff could not perform his PRW as a production worker and as a construction worker. *Id.* The ALJ, however, also evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 339-340, Finding 9). Specifically, the ALJ determined Plaintiff retained the capacity to perform the following occupations: blending tech helper with 55,600 such jobs in the national economy and scaling machine operator with 62,570 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from December 9, 2011 (application date) through October 23, 2014 (date the ALJ determined Plaintiff was disabled on a prior application). (Tr. 340, Finding 10). On November 22, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to sustain his burden at Step Five of the Analysis; (2) the ALJ erred in assessing his physical limitations; and (3) the ALJ erred in assessing his mental limitations. ECF No. 12 at 1-10. Because the Court finds the ALJ did not sustain his burden at Step Five of the Analysis, the Court will only address Plaintiff's first argument for reversal.

Specifically, Plaintiff argues he was born on December 4, 1959 and was fifty-four (54) years old at the end of the relevant time-period on October 23, 2014. ECF No. 12. Indeed, Plaintiff claims he was three months shy of turning fifty-five (55) and being characterized as a person of "advanced age" under 20 C.F.R. § 416.963(e) (2008) at the end of the relevant time-period. *Id.* As such, Plaintiff claims he should have been considered as a "borderline" case because he nearly qualified under the next age category. *Id.*

Upon review, the Court finds Plaintiff's argument is merited. Pursuant to 20 C.F.R. § 416.963(b) (2008), the ALJ should "not apply the age categories mechanically in a borderline situation." Instead, if the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you [the claimant] are disabled, we [SSA] will consider whether to use the older age category after evaluating the overall impact of all the factors of your [the claimant's] case." *Id.*

In the present action, however, the ALJ did not consider Plaintiff as a "borderline" case and did not consider if he would be disabled if he qualified as "advanced age." Interestingly, the ALJ classified Plaintiff as a "younger individual" for purposes of this disability application. (Tr. 339, Finding 6). This is *two age categories* below "advanced age" and certainly did not include any consideration of this being a "borderline" case. Thus, this case must be reversed and remanded for further consideration of this issue of Plaintiff's age.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of January 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE